IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NYAKO ODELL PIPPEN, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 13-3478 |
| | : | |
| JAMES MCGRADY, et al., | : | |
| Respondents. | : | |
| | : | |

## O R D E R

Petitioner Nyako Odell Pippen has filed counseled Objections to Magistrate Judge Rice's Report and Recommendation regarding his Petition for habeas relief.  (Doc. Nos. 26, 27); 28 U.S.C. § 2254.  I will overrule the Objections, accept Judge Rice's recommendations, and deny the Petition.

## I.  STANDARD OF REVIEW

I must review *de novo* those portions of the Report to which timely, specific objections have been filed.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in part" the Judge Rice's findings or recommendations.  Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

## II.  BACKGROUND

The Commonwealth charged that on January 25, 2007, Petitioner conspired with five other people to rob Sharron "Gees" Grinnage at his home.  (Doc. No. 31-4; N.T. 1/15/08 at 73-

74, 107, 120; 1/16/08 at 65-66.)  Petitioner and one co-conspirator stayed outside the home, and Petitioner left before the robbery actually occurred.  (N.T. 1/17/08 at 176.)  Two co-conspirators entered Grinnage's residence and demanded money from a woman there.  (N.T. 1/15/08 at 49-52.)  One of the co-conspirators struggled with the woman and ultimately shot her in the neck, killing her.  (N.T. 1/15/08 at 56-57, 105, 168-70, 175.)  All the co-conspirators subsequently went to Petitioner's house.  (N.T. 1/15/08 at 101-04.)  Cell phone records confirm that the shooter spoke with Petitioner before and after the shooting.  (N.T. 1/15/08 at 195, 197-201.)

On January 18, 2008, a state court jury convicted Petitioner of second degree murder, conspiracy to commit robbery, robbery, and unsworn falsification to authorities.  (N.T. 1/18/08 at 161-62.)  The trial judge sentenced him to life imprisonment for second degree murder and lesser prison terms for the related offenses.  (Resp., Doc. No. 9, Ex. B, at 4-5.)  Petitioner appealed to the Pennsylvania Supreme Court, which affirmed.  Commonwealth v. Pippen, No. 3142 EDA 2008 (Pa. Super. Ct. June 18, 2009).   (Supp. Resp., Doc. No. 22, Ex. A.)  The Pennsylvania Supreme Court denied allocatur.  Commonwealth v. Pippen, 502 MAL 2009 (Pa. 2009). (Supp. Resp., Doc. No. 22, Ex B.)

In November 2010, Petitioner sought relief under the Post-Conviction Relief Act, alleging trial counsel's ineffectiveness.  (Supp. Resp., Doc. No. 22, Exs. C-E.)  The PCRA Court denied relief, and the Superior Court affirmed.  (Supp. Resp., Doc. No. 22, Ex. F at 1-2.)

Petitioner filed the instant Habeas Petition on June 19, 2013, making multiple ineffectiveness claims.  (Doc. No. 1.)  The Commonwealth responded on August 29, 2013, arguing that the Petition was untimely.  (Doc. No. 9.)  Petitioner replied, and Judge Rice ordered the Commonwealth to file a supplemental response addressing the merits of Petitioner's claims. (Doc. Nos. 14, 16.)  The Commonwealth did so on January 31, 2014.  (Doc. No. 22.)

Judge Rice filed his Report and Recommendation on July 11, 2014.  (Doc. No. 26.)  He concluded that: 1) the Petition was timely pursuant to the prisoner mailbox rule; and 2) none of Petitioner's ineffectiveness claims had merit.  (Id.); see Williams v. Brooks, 435 F. Supp. 2d 410, 419 (E.D. Pa. 2006) (explaining the prisoner mailbox rule).  Petitioner filed Objections on July 23, the Commonwealth responded on September 2, and Petitioner replied on September 3.  (Doc. Nos. 27, 29, 30.)

III.   **OBJECTIONS**

   A.   *Unopposed Recommendation*

Neither Party has objected to the Judge Rice's ruling that Petitioner's claims were timely.  My review of the Report as to unopposed recommendations is limited to satisfying myself "that there is no clear error on the face of the record."   Fed. R. Civ. P. 72(b) Advisory Committee Notes; Henderson, 812 F.2d at 878.   Having reviewed the Report with respect to this recommendation, I see no clear error.  Accordingly, I will adopt the Report with respect to that finding.

   B.   *Factual and Procedural History*

Petitioner objects to the Judge Rice's statement that Petitioner "designated each co-conspirator's role in the robbery."  (Doc. No. 26 at 1; Pet'r's Objections, Doc. No. 27 at 1.)  Judge Rice's finding is confirmed by the trial record.  See N.T. 1/15/08 at 82 ("A: [H]e said . . . he was supposed to tie the lady up and look for the money.  And he said . . . Yako and Melvin were supposed to wait for Gees.  Q: Who told him this information?  A: I believe [Petitioner].");  1/17/08 at 19 ("A: [Petitioner], basically, said that Dave and Isaiah were to go into the house, and me and Gigi were to knock on the door.").  Moreover, Judge Rice included this fact as background; it is not essential to his conclusions regarding Petitioner's

ineffectiveness claims.  Accordingly, I will overrule the Objection.

> C.   *Ineffective Assistance of Counsel*

Petitioner objects to Judge Rice's rejection of his ineffectiveness claims.

*Deference to State Court*

I overrule Petitioner's Objections to the standards of review Judge Rice applied.

Petitioner first argues that I need not defer to the Superior Court decision because the Court did not apply the Strickland standard.  (Pet'r's Objections, Doc. No. 27 at 5-6.)  Petitioner is incorrect.  See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) (describing the federal ineffectiveness standard); Commonwealth v. Collins, 957 A.2d 237, 244 n.6 (Pa. 2008) (explaining that Pennsylvania's ineffective assistance inquiry is "coextensive" with Strickland). In arguing otherwise, Petitioner cites to Williams v. Superintendent, in which the Court noted that the Pennsylvania Supreme Court and the Third Circuit have adopted different positions in the circuit split of whether ineffectiveness claims should be analyzed in the aggregate or individually.  2012 WL 6057929, at *1 (E.D. Pa. Dec. 4, 2012).  This disagreement does not warrant a lack of deference to all the Superior Court's individual Strickland applications. Instead, I will analyze the cumulative error issue separately.

Petitioner also objects to Judge Rice's application of § 2254(e), which provides that a federal habeas court must presume the state court's factual determinations are correct, unless the petitioner rebuts this presumption by clear and convincing evidence.  (Pet'r's Objections at 6.) Petitioner argues that this standard does not apply here because the state court did not hold an evidentiary hearing.  (Id.)  I must nonetheless defer to the state court findings.  See Burt, 134 S. Ct. at 13 (Circuit erred when it "failed to apply that doubly deferential standard by refusing to credit a state court's reasonable factual finding and by assuming that counsel was ineffective

*where the record was silent*" (emphasis added)).  Petitioner relies on the inapposite decision in

<u>Thomas v. Varner</u>, where the Third Circuit held that a Magistrate Judge did not err in holding an

evidentiary hearing because the record was incomplete through no fault of the petitioner.  428

F.3d 491, 497-99 (3d Cir. 2005).

*Advising Petitioner to Testify*

Petitioner objects to Judge Rice's ruling that the Superior Court did not render a decision

"that was contrary to, or involved an unreasonable application of, clearly established Federal

law" or "that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding" when it determined that counsel was not ineffective for

advising Petitioner to testify.  <u>See</u> 28 U.S.C. § 2254(d).  I agree with Judge Rice and will

overrule the Objection.

First, the Superior Court found that advising Petitioner to testify could have been a valid

strategic decision.  Petitioner argues that his counsel advised him to testify merely to support a

renunciation defense, which was not viable because the conspiracy was not thwarted.  (Pet'r's

Objections at 11); <u>see</u> 18 Pa. C.S.A. § 903(f) (renunciation defense applies when an "actor, after

conspiring to commit a crime, thwarted the success of the conspiracy, under circumstances

manifesting a complete and voluntary renunciation of his criminal intent").  The Superior Court

found—and the record confirms—however, that it was reasonable to advise Petitioner to take the

stand, because counsel "was attempting to show that [Petitioner] left the scene of the crime, tried

to stop the crime, and had so little involvement that he was not actually a conspirator."  (Op. at 5;

N.T. 1/18/05 at 176 (Petitioner testified that he left the scene of the crime before the robbery); <u>id.</u>

at 172-73 (Petitioner testified that he "debat[ed]" with a co-conspirator, telling the co-conspirator

that the intended robbery victim did not have the money, and that he said "I'm not robbing

nobody"); id. at 175 (Petitioner testified, "[A co-conspirator] said, well, ask Melvin, can you all stand outside and stand guard, see if the cops are coming?  So I told him, I'm not, I ain't helping you rob him."); id. at 179-80 (Petitioner testified that he forced co-conspirators to leave his home as soon as he found out that one of them had shot the victim).)  In these circumstances, the Superior Court's rejection of Petitioner's ineffectiveness claim was neither contrary to nor an unreasonable application of federal law.

Petitioner contends that the state court should have held an evidentiary hearing to discern counsel's intentions in advising him to testify.  (Pet'r's Objections at 6-7.)  I have already explained that a state court is not required to hold an evidentiary hearing for every Strickland performance determination.  Moreover, a hearing would be unnecessary here because the Superior Court also found that Petitioner was not prejudiced by the decision to testify—a determination that does not involve any inquiry into counsel's actions or intentions.  (Op., Doc. No. 7, Ex. 84 at 5 ("[T]here was ample evidence to convict Appellant before he took the stand and testified on his own behalf.").)

Petitioner objects to this latter finding as well, arguing that the evidence against him— testimony from his co-conspirators—was unreliable.  (Pet'r's Objections at 13.)  Yet, I must defer to the state court's ruling unless it was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court."  28 U.S.C. § 2254; Collins v. Sec'y of Pa. Dept. of Corr., 742 F.3d 528, 546 (3d Cir. 2014) (where a lower court decided petitioner was not prejudiced by counsel's error, the lower court's "determination as to prejudice is owed deference under AEDPA"); Burt, 134 S. Ct. at 16 ("We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy."  (internal quotation marks omitted)).  Here, as the

Superior Court noted, three co-conspirators testified that Petitioner planned the robbery.  (N.T. 1/15/08 at 72-85; 1/16/08 at 59-68; 1/17/08 at 15-20.)  According to the Superior Court, this constituted "ample evidence" to convict Petitioner.  (Op. at 5.)  That these cooperating witnesses had received more lenient sentences hardly renders the Superior Court's conclusion (that Petitioner suffered no prejudice) an "unreasonable application" of federal law.

Accordingly, I will overrule Petitioner's Objection.

*Failure to Object to the Vital Interest Instruction*

The trial judge instructed the jury:

> You should not disbelieve the defendant's testimony merely because he is the defendant.  In weighing his testimony, however, you may consider the fact that he has a vital interest in the outcome of this trial; and you may take the defendant's interest into account as you would the interest of any other witness, along with all other facts and circumstances bearing on credibility in making up your might what weight his testimony deserves.

(N.T. 1/18/08 at 109-10.)  Petitioner objects to Judge Rice's rejection of Petitioner's claim that trial counsel ineffectively failed to object to this instruction.  I agree with Judge Rice, however, that the instruction is consistent with Supreme Court authority.  See Portuondo v. Agard, 529 U.S. 61, 72-73 (2000) ("[A] generic interested-witness instruction . . . is in a long tradition that continues to the present day."); United States v. King, 485 F. App'x 588, 590 (3d Cir. 2012) ("Binding Supreme Court precedent has specifically approved jury instructions that refer to a defendant's 'deep personal interest' in a criminal case against him and noted that the jury may consider that interest in determining whether the defendant's testimony is credible.").  Accordingly, any objection to the vital interest instruction would have been meritless.  The Superior Court's ruling that counsel's performance was not constitutionally deficient was thus neither contrary to, nor an unreasonable application of, federal law.  I will overrule Petitioner's Objection.

*Failure to Object to the Admission of Proffer Letters*

Judge Rice ruled that trial counsel's failure to object to co-conspirators' proffer letters—which included expressions of their willingness to submit to polygraph tests—did not warrant habeas relief. Petitioner objects. As the Superior Court and Judge Rice noted, the jury did not have access to the letters during deliberations, only one letter was shown briefly to the jury, and the Commonwealth did not elicit any testimony related to the letters. (Rep. at 13; Op. at 7.) Moreover, after Petitioner's trial counsel elicited testimony regarding the witness's willingness to take a polygraph test, the trial judge instructed the jury that it could not consider this evidence in evaluating the witnesses' credibility. (N.T. 1/15/08 at 141-42, 1/16/08 at 5-6.) The jury is presumed to have followed this instruction. See Greer v. Miller, 483 U.S. 756, 766 n.8 (1987) ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect would be 'devastating' to the defendant." (internal citations omitted)). The Superior Court thus found that there had been no improper bolstering of the Commonwealth's witnesses, and thus trial counsel was not deficient for failing to object. (Op. at 8.) I agree. Accordingly, I will overrule Petitioner's Objection.

*Failure to Object to the Prosecutor's Cross-Examination*

Petitioner next objects to Judge Rice's ruling that trial counsel's failure to object to the prosecutor's cross-examination of Petitioner does not warrant habeas relief. While cross-examining Petitioner, the prosecutor asked him whether the other witnesses were "lying." (N.T. 1/17/08 at 192.) Although this line of questioning would have been improper in federal court, that was not necessarily true in state court. See United States v. Harris, 471 F.3d 507, 511 (3d

Cir. 2006) ("[A]sking one witness whether another witness is lying is inappropriate."); Commonwealth v. Pippen, No. 0362-07, at 20 (Pa. Ct. Comm. Pl. June 7, 2012) (Doc. No. 8-68) ("[D]efendant has cited no binding authority holding that a prosecutor is prohibited under Pennsylvania law from asking a testifying defendant if his co-conspirators had lied. We believe that no such authority exists."). Moreover, as Judge Rice determined, Petitioner has not demonstrated prejudice. As I have already discussed, there was considerable evidence of Petitioner's guilt. In these circumstances, assuming, *arguendo*, the prosecutor's questioning was improper, it does not appear that counsel's failure to object was prejudicial. Accordingly, I will overrule the Objection.

*Closing Argument*

In his closing argument, trial counsel explained, "My client walked away, maybe a little too late, the wheels were already in motion." (N.T. 1/18/08 at 53.) Petitioner objects to Judge Rice's ruling that this statement does not warrant habeas relief, contending that the statement was tantamount to a guilty plea offered without Petitioner's consent. (Pet'r's Objections at 19-20.) The Superior Court ruled that this statement was a fair summary of Petitioner's testimony—accordingly, the Court ruled that counsel was not constitutionally deficient. (Op. at 11-13; see N.T. 1/17/08 at 182 (Petitioner testified that he "kind of" participated in the robbery "because [he] went with them"); id. at 175-76 (Petitioner testified that he refused to take part in the robbery and left before it was committed).) I agree with Judge Rice that this decision was neither contrary to, nor an unreasonable application of, federal law. Plainly, counsel's statement was consistent with the defense theory that Petitioner was such a minimal participant that he was not a conspirator. Accordingly, I will overrule Petitioner's Objection.

*Cumulative Error*

Finally, Petitioner objects to Judge Rice's determination that there are no cumulative errors justifying habeas relief.  In evaluating a cumulative error claim, I must "aggregate[] all the errors that individually have been found to be harmless, and therefore not reversible, and . . . analyze[] whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless."  Albrecht v. Horn, 485 F.3d 103, 139 (3d Cir. 2007) (internal citation omitted).  These errors are not harmless if they had a "substantial and injurious effect or influence in determining the jury's verdict."  Id. (citing Whitney v. Horn, 280 F.3d 240, 258-59 (3d Cir. 2002) (explaining that the cumulative error test is essentially the same as Strickland prejudice)).

Petitioner objects to Judge Rice's use of the "substantial and injurious effect" standard, contending that because the Superior Court did not address cumulative error, review should have been de novo.  (Pet'r's Objections at 20); see Wilson v. Beard, 589 F.3d 651, 658 (3d Cir. 2009) (where a state court does not decide a claim, the federal habeas court should review it de novo).  Reviewing a cumulative error claim de novo, however, still requires me to analyze whether the errors had a substantial and injurious effect on the outcome of the trial.

I agree with Judge Rice that, in light of the "ample" evidence to convict, Petitioner has not demonstrated that trial counsel's actions cumulatively had a "substantial and injurious effect" on the verdict.  I will thus overrule the Objection.

D.    *Request for an Evidentiary Hearing*

Petitioner also objects to Judge Rice's denial of his request for an evidentiary hearing.  Petitioner argues, "The denial of the requested hearing [in state court] was itself a denial of due process because it leaves the state court's decision unsupported by a record."  (Pet'r's Objections at 21.)  Even if the state failed to develop the record, however, whether to grant an evidentiary

hearing is a matter of the Court's discretion.  <u>Campbell v. Vaughn</u>, 209 F.3d 280, 287 (3d Cir. 2000).  I must "focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim."  <u>Id.</u>

I agree with Judge Rice that a hearing would not be meaningful.  Petitioner's only stated ground for requesting an evidentiary hearing is to determine trial counsel's actual reasons for his actions.  In light of my rejection of Petitioner's ineffectiveness claims, however—including my determination that none of counsel's purported errors prejudiced Petitioner—there is no need for a hearing.  Accordingly, I will overrule the Objection.

## IV.   <u>CONCLUSION</u>

**AND NOW**, this 12th day of March, 2015, upon consideration of the pleadings and record herein, and after careful review of Judge Rice's Report and Recommendation (Doc. No. 26) and all related filings, it is hereby **ORDERED** that:

1.   Petitioner's Objections to the Report and Recommendation (Doc. No. 27) are **OVERRULED**;

2.   Judge Rice's Report and Recommendation (Doc. No. 26) is **APPROVED**;

3.   There are no grounds to issue a certificate of appealability; and

4.   The Clerk of Court shall mark this case closed for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.